# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James Allen Gregg, | Case No. 19-cv-105 (JNE/LIB) |
| Petitioner, | |
| v. | **Report and Recommendation** |
| David Paul, | |
| Respondent. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner James Allen Gregg's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1].

Following a jury trial in the District of South Dakota, Petitioner James Allen Gregg received a sentence of imprisonment of 135 months for second degree murder, pursuant to 18 U.S.C. §§ 1111, 1152, and a sentence of imprisonment of 120 months for using a firearm during the commission of a violent offense, pursuant to 18 U.S.C. § 924(c), both sentences to run consecutive. See, United States v. Gregg, No. 0:04-CR-30068-CBK (D.S.D. Oct. 4, 2005). Since his conviction in 2005, Petitioner has previously pursued a direct appeal, a § 2255 habeas corpus motion, and permission to file a successive § 2255 motion. See, United States v. Gregg, No. 05-3782 (8th Cir. 2006); Gregg v. United States, No. 07-CV-3030-CBK (D.S.D. 2010); Gregg v. United States, No. 17-3527 (8th Cir. 2018). As of the time he filed his present Petition, Gregg has since become incarcerated at the Federal Medical Center in Rochester, Minnesota.

Now before the Court is Gregg's first § 2241 Petition. [Docket No. 1]. In the present Petition, Gregg contends that he is entitled to relief because his conviction under Section 924(c) is

similar enough to Johnson v. United States, 135 S. Ct. 2251 (2015) and Sessions v. Dimaya, 138 S.Ct. 1204 (2018), such that the findings of unconstitutionality in those cases should extend equally to his situation. (See, Mem., [Docket No. 2], at 2). The District of Minnesota, however, lacks subject matter jurisdiction over Gregg's present Petition, and therefore, it is recommended that the Petition be dismissed without prejudice.

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts, other than the original trial and sentencing court, lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See, 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus on behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).

The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." See, Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause.

It is evident, however, that the savings clause applies to only rare and narrow circumstances. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Abdullah, 392 F.3d at 959. Thus, the savings clause is not satisfied merely because a motion under § 2255 would now require authorization due to being second or successive

2

nor is it satisfied simply because § 2255 relief has already been denied. See, United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases).

In the present case, a §2241 petition is not the appropriate procedural vehicle for Gregg because he has failed to present or even attempt to present his new § 924(c) based claim through a traditional §2255 motion, and he is required to do so. As previously noted, however, Gregg has already filed § 2255 motions, so to file a second or successive § 2255 motion to raise his new § 924(c) based claim he is required to receive authorization "by a panel of the appropriate court of appeals" in the Judicial Circuit containing the original trial and sentencing court. 28 U.S.C. § 2255 (h).

Pursuant to § 2255, court of appeals are permitted to authorize only two types of claims for second or successive § 2255 motion—either claims that are based on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," 28 U.S.C. § 2255(h)(1); or claims that are based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Claims of any other type, even meritorious claims, cannot be authorized under § 2255(h) for further consideration by the district court.[1]

Gregg asserts that a § 2255 motion would not be a viable vehicle because his new § 924(c) based claim relies upon a new interpretation of statutory law; however, this assertion is based on mere conclusory speculation. Petitioner contends that because his new § 924(c) based claim is

---

[1] A minority of circuits have concluded that habeas corpus relief is appropriate where the petitioner relies on a new rule of statutory law made retroactive to cases on collateral review. See, United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018); Harrington v. Ormond, 900 F.3d 246, 249 (6th Cir. 2018); In re Davenport, 147 F.3d 605, 610–11 (7th Cir. 1998); In re Dorsainvil, 119 F.3d 245, 251–52 (3d Cir. 1997); but see, McCarthan v. Director of Goodwill Industries–Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017) (en banc) (rejecting prior savings-clause jurisprudence); Prost v. Anderson, 636 F.3d 578, 589 (10th Cir. 2011).

premised on a new interpretation of statutory law § 2255 provides an inadequate or ineffective remedy. This Court need not, however, determine whether retroactive application of a new rule of statutory law is a sufficient basis to justify invocation of the savings clause, because despite his assertion to the contrary, Gregg does not rely on the application of a new rule of statutory law. Petitioner relies on Johnson and Dimaya, but neither Johnson nor Dimaya established a rule of statutory law.

Rather, Gregg relied on a new rule of constitutional law which, if all other criteria are met, would allow a second or successive § 2255 motion. See, 28 U.S.C. § 2255(h)(2). Dimaya declared the residual clause of 18 U.S.C. § 16(b) void for vagueness—that is, the residual clause is too arbitrary and indistinct to comport with the constitution's guarantee of due process. See, Dimaya, 138 S.Ct. at 1212–13. In this respect (and in many others), Dimaya closely and expressly tracks the rule established by Johnson, which declared the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) invalid and was itself determined to be a new rule of constitutional law, not statutory law. See, Welch v. United States, 136 S. Ct. 1257 (2016); Russo v. United States, 902 F.3d 880, 881 (8th Cir. 2018) ("[T]he Court in *Johnson* announced a new rule of constitutional law . . . .").

Johnson and Dimaya declared not that the relevant statutory provisions had been interpreted incorrectly—e.g., that courts had read into § 924(e) or § 16(b) actions that were not actually prohibited by those statutes—but that the due-process clause prohibited reliance upon the vague residual clauses contained in those statutes. These are constitutional holdings, not statutory holdings. For that reason, countless challenges under Johnson have been authorized by courts of appeals pursuant to § 2255(h)(2), and the government has conceded in other litigation that viable claims under Dimaya may be authorized under § 2255(h)(2) as well. See, In re Gordon, No. 18-

4

cv-3449, 2018 WL 3954189 (6th Cir. Aug. 14, 2018) (per curiam); <u>Jackson v. Barnes</u>, No. 18-cv-1392 (DSD/ECW), Report and Recommendation, [Docket No. 12], at 5 (D. Minn. Oct. 1, 2018).

Despite his assertion to the contrary, Gregg's claim, too, is a constitutional claim. If <u>Johnson</u> and <u>Dimaya</u> should (as Gregg argues) be read as invalidating aspects of § 924(c), it will hypothetically be because the language of § 924(c) is insufficiently concrete to comport with constitutional due process protections. Because Gregg's claim is at its core a constitutional claim, § 2255(h)(2) may permit authorization of that claim, assuming solely for the sake of argument that Gregg can also make a "prima facie showing" that he is entitled to relief on the merits of his claim. <u>See</u>, 28 U.S.C. § 2244(b)(3)(C). Section 2255 is therefore not an inadequate or ineffective remedy, and accordingly, Gregg must proceed through that avenue.

For the foregoing reason, Gregg cannot proceed though the present § 2241 Petition.

Thus, Gregg has not adequately justified his purported invocation of the savings clause or demonstrate that he has satisfied the savings clause's requirements. The District of Minnesota therefore lacks subject matter jurisdiction over his habeas petition, which must be dismissed without prejudice.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Dated: March 22, 2019   s/Leo I. Brisbois
                        Hon. Leo I. Brisbois
                        United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).