UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES ALLEN GREGG,

      Petitioner,

v.                                                                       Case No. 19-cv-105 (JNE/LIB)
                                                                    ORDER

DAVID PAUL,

      Respondent.

In a Report and Recommendation ("R&R") dated March 22, 2019, the Honorable Leo I. Brisbois, United States Magistrate Judge, recommended that the Court dismiss Petitioner Gregg's § 2241 petition for lack of subject matter jurisdiction. ECF No. 6. The R&R explained that a federal prisoner may attack his conviction pursuant to § 2241 when he has established that "a remedy is inadequate or ineffective under § 2255." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Additionally, the R&R concluded that Gregg had failed to establish that § 2255 was an inadequate or ineffective remedy. *See* 28 U.S.C. § 2255(e). On April 3, 2019, Petitioner Gregg requested an extension to file objections to the R&R, which the Court granted. Petitioner Gregg filed objections on May 6, 2019. ECF No. 9. The Court conducted a de novo review of the record. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2. Based on this review, the Court overrules Gregg's objections and adopts the R&R in its entirety.

Petitioner Gregg argues that his petition satisfies the "inadequate or ineffective" prong of the savings clause, and thus, he should be permitted to bring a claim under § 2241. Gregg relies on a Fourth Circuit case to argue that the savings clause applies

1

when a petitioner's claim is based on a new rule of statutory interpretation that applies retroactively.[1] *United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018). Then, he argues that he has become aware of pending cases that have established a new rule of statutory law. Specifically, Gregg cites *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018), which applied the Supreme Court's decision in *Sessions v. Dimaya* to conclude that § 924(c)'s residual clause is unconstitutionally vague.[2] Finally, because the Supreme Court granted certiorari and heard argument in *Davis*, Gregg requests that his petition be "held in abeyance pending the decision in *Davis*, which certainly will have [a] significant impact on Gregg's § 2241 Petition." ECF No. 9 at 4.

But, as Magistrate Judge Brisbois acknowledged, the Court need not determine "whether retroactive application of a new rule of statutory law is a sufficient basis to justify invocation of the savings clause, because . . . Gregg does not rely on the application of a new rule of statutory law." ECF No. 6 at 4. *Davis* involves a constitutional holding, not a statutory holding.[3] Accordingly, "Gregg's claim is at its core a constitutional claim" and "§ 2255(h)(2) may permit authorization of that claim." *Id.* at 5. For these reasons, the Court agrees with Magistrate Judge Brisbois' conclusion that Gregg failed to establish that § 2255 is an inadequate or ineffective remedy and consequently, the Court lacks subject matter jurisdiction.

---

[1] Magistrate Judge Brisbois acknowledged in the R&R that "[a] minority of circuits" have established this rule. ECF No. 6 at 3 n.1.
[2] Gregg also challenges his conviction under § 924(c)'s residual clause in light of the Supreme Court's ruling in *Dimaya*. ECF No. 1 at 7.
[3] In his R&R, Magistrate Judge Brisbois similarly found that *Dimaya* did not establish a rule of statutory law. ECF No. 6 at 4-5.

In short, the Court overrules Gregg's objections and adopts the R&R. Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Court ADOPTS the Report and Recommendation [ECF No. 6] of United States Magistrate Judge Leo I. Brisbois.

2. Petitioner's § 2241 Petition [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 11, 2019

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge